IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **QUINCY BERNARD JONES,**<br><br>*Plaintiff,*<br><br>v.<br><br>**FEATHERSTONE HOMEOWNERS ASSOCIATION,** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:20-cv-00273-TES** |

**ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment [Doc. 6], which the Court liberally construes as a motion for reconsideration.[1] After conducting a 28 U.S.C. § 1915(e) preliminary screening, this Court dismissed Plaintiff's claims as frivolous. *See* [Doc. 4]. The Court subsequently entered judgment dismissing Plaintiff's case. [Doc. 5]. In Plaintiff's motion, he argues that his 42 U.S.C. 1981 claim is valid and that he is entitled to judgment in his favor. [Doc. 6, p. 4]. For the reasons explained below, the Court **DENIES** Plaintiff's motion.

---

[1] The Court must liberally construe the Jones' motion, who is proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (citation omitted). The Court has already dismissed Plaintiff's case and entered judgment against him. As Plaintiff's claims have been dismissed, Plaintiff is not able to move for summary judgment on any of his claims. Plaintiff, however, is entitled to request that the Court reconsider its previous order dismissing his case.

A.     **Standard of Review**

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if a party demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

B.     **Jones' Motion**

In the Court's order dismissing Plaintiff's case as frivolous, the Court only discussed Plaintiff's claims for violations of Title II and VII of the Civil Rights Act of 1964 and Americans with Disabilities Act ("ADA"). [Doc. 4, p. 2]. After reviewing Plaintiff's Complaint, the Court notes that Plaintiff also claimed a § 1981 violation, as

noted in his motion. [Doc. 1, p. 5]; [Doc. 1-2, p. 1]; [Doc. 6, p. 1].[2]

However, Plaintiff's § 1981 claim fails because he made no mention of race anywhere in his Complaint. Section 1981 provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a); *See Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 961 (11th Cir. 1997) ("It is well established that § 1981 is concerned with racial discrimination in the making and enforcement of contracts ."); *Jones v. Horizon Shipbuilding, Inc.*, No. 11–0012–WS–M, 2012 WL 5187800, at *11 n. 31 (S.D. Ala. Oct.19, 2012) ("Section 1981 . . . forbids only race discrimination.").

However, Plaintiff's Complaint focuses solely on his discrimination because of a disability. *See Generally* [Doc. 1]. Further, Plaintiff's summary judgment motion also does not allege he was discriminated against because of his race and reiterates his contention that he was discriminated against because of his disability. [Doc. 6, p. 2].

---

[2] Plaintiff's Complaint also alleges a violation of Section 501 of the Rehabilitation Act of 1973. [Doc. 1-2, p. 1]. The Rehabilitation Act applies to federal employers, federal contractors, and employers who receive federal financial assistance. *Harris v. Vescom Corp.*, No. CV406-291, 2007 WL 1810159, *2 (S.D. Ga. 2007) (citing *Doe v. United States Postal Serv.*, 317 F.3d 339, 340 (D.C. Cir. 2003)). Plaintiff does not allege that Defendants are federal employers, federal contractors, or receive federal financial assistance. Accordingly, Plaintiff's Rehabilitation Act claim does not state a valid claim.

Accordingly, the Court **DENIES** Plaintiff's Motion [Doc. 6]. The Court's previous Order [Doc. 4] stands as filed and the Clerk's Entry of Judgment [Doc. 5] shall remain unaltered. However, if Plaintiff wishes to bring a new action that cures the defects in his Complaint, he may do so by filing a new civil action and submitting another motion to proceed *in forma pauperis*. The dismissal of his case was without prejudice. [Doc. 4, p. 4].

**SO ORDERED** this 23rd day of July, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
